UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| CANDIDO CAMACHO, | ) | |
| Petitioner, | ) | 3:07-cv-0012-RCJ-RAM |
| vs. | ) | **ORDER** |
| DIRECTOR OF NDOC, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Candido Camacho, a prisoner at Nevada's Lovelock Correctional Center. Before the Court are respondents' motion to dismiss (Docket #9) and petitioner's opposition (Docket #10). Also before the Court are petitioner's two motions for the appointment of counsel (Docket #11 and #13), respondents' opposition thereto (Docket #12 and #14), and petitioner's reply (Docket #15).

**I.   Procedural History**

On March 21, 2005, petitioner was charged with two counts of lewdness with a child under the age of fourteen. (Exhibit A).[1] On March 30, 2005, petitioner pled guilty, pursuant to a written guilty plea agreement, to two counts of lewdness with a child under the age of fourteen. (Exhibit B). On June

---

[1] The exhibits referenced in this Order were provided by respondents in support of their motion to dismiss and are found in the Court's record at Docket #9.

16, 2005, the court adjudged petitioner guilty and sentenced him on each conut to a maximum of 240 months and a minimum of 30 months in state prison, and further imposed a Special Sentence of Lifetime Supervision. The judgment of conviction was filed on June 17, 2005. (Exhibit C).

On July 19, 2005, petitioner filed an untimely notice of appeal. (Exhibit D). On September 14, 2005, the Nevada Supreme Court entered an order dismissing petitioner's direct appeal on grounds that it had no jurisdiction because the appeal, which was filed one day late, was untimely. (Exhibit E). Remittitur issued on October 11, 2005. (Exhibit F).

On June 21, 2006, petitioner filed a state habeas petition in the Eighth Judicial District Court. (Exhibit G). Petitioner also filed an Affidavit Proving Good Cause for Delay (Exhibit H), a "Notice of Appeal to Judgment of Conviction filed May 2005" (Exhibit I), and a "Motion Withdrawing Counsel (Exhibit J).

On August 4, 2006, the Nevada Supreme Court entered its second Order Dismissing Appeal regarding petitioner's June 21, 2006, notice of appeal. (Exhibit M). Remittitur issued on August 29, 2006. (Exhibit N).

On August 9, 2006, petitioner filed in state district court a Motion to Correct Illegal Sentence. (Exhibit O). On August 10, 2006, he filed a document entitled "Relation Back Amended Petition for Writ of Habeas Corpus" in state district court. (Exhibit P).

On August 21, 2006, the state district court denied the habeas petition – the order was filed on August 20, 2006, and the Notice of Entry of Order was filed on September 1, 2006. (Exhibit R). On the same date the state district court orally denied petitioner's motion to correct illegal sentence. (Exhibit S). On October 11, 2006, the district court entered a written order denying the motion to correct illegal sentence. (Exhibit T). On August 24, 2006, petitioner filed a notice of appeal of the denial of his motion to correct illegal sentence. (Exhibit U). On September 1, 2006, petitioner filed a notice of appeal of the order denying his state habeas petition. (Exhibit V).

On January 5, 2007, the Nevada Supreme Court, after consolidating petitioner's appeals, filed its order affirming the denial of the motion to correct illegal sentence and state habeas petition. (Exhibit W). Remittitur issued on both cases on January 30, 2007. (Exhibit X). The Nevada Supreme Court found that the petition was untimely because it was filed more than one year after entry of judgment of conviction, and petitioner failed to demonstrate cause for the delay and prejudice. The Court also found that his sentence was facially legal.

## II. Motions for Appointment of Counsel (#11 and #13)

On April 5, 2007, petitioner filed a motion to appoint counsel on the grounds that he does not read, write, or speak English, and that he has no assistance in prison except for a non-law clerk. (Docket #11). On May 18, 2007, petitioner filed a second motion to appoint counsel. (Docket #13).

There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).

Petitioner has presented no proof that he does not speak or write English. The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring. Petitioner has filed an opposition to respondents' motion to dismiss, and he has filed other documents. It does not appear that counsel is justified in this instance. The motions for appointment of counsel (#11 and #13) shall be denied.

**III.     Motion to Dismiss (Docket #9)**

Respondents argue that petitioner's federal habeas petition was untimely filed.[2] The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

Although the Ninth Circuit Court of Appeals held in 2002, that a "properly filed application" was one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings" even if the petition was later held to be untimely, *Dictado v. Ducharme,* 244 F.3d 724,

---

[2] The Court does not reach respondents' procedural default argument, as application of the AEDPA's statute of limitations disposes of this action.

726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000), that position has since been held incorrect by the United States Supreme Court. *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). The Court in *Pace v. DiGuglielmo* held as follows,

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

In the present case, petitioner's judgment of conviction was filed on June 17, 2005. (Exhibit C). Petitioner filed an untimely direct appeal. (Exhibit E). On July 17, 2005, the date on which the judgment became final by the expiration of time for seeking direct review, the one year within which to file a federal habeas petition began to run. Petitioner had until July 16, 2006, to file his federal petition. 28 U.S.C. § 2244(d)(1)(A). The instant petition was not filed until August 28, 2006.

Petitioner is not entitled to statutory tolling of the statute of limitations. The one-year statute of limitations is tolled during the time in which a "properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Petitioner's first state habeas petition, filed June 21, 2006, was not a properly filed application. The Nevada Supreme Court dismissed the petition on the grounds that it was untimely filed. (Exhibit W). The United States Supreme Court has determined that untimely filed state petitions are not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). *Pace v. DiGuglielmo,* 544 U.S. at 417. Thus, an untimely filing of a state post-conviction petition does not toll the statute of limitations. *Id.* Petitioner is not entitled to statutory tolling while the untimely state petition was pending in the state courts. The one-year deadline to file his federal habeas petition expired on July 16, 2006. His federal petition was not filed until August 28, 2006.

5

The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available only "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Regarding equitable tolling, petitioner has not demonstrated that he was diligent in pursuing his rights and that an extraordinary circumstance stood in his way of filing a timely petition.

Petitioner does not dispute that the federal habeas petition was untimely filed. Rather, petitioner argues that he is entitled to equitable tolling. Petitioner asserts that he does not read, write, or speak English. Petitioner claims that he relies on other inmates to assist him with court filings.

A non-English-speaking petitioner's lack of access to legal materials in his own language or the assistance of a translator during the AEDPA limitations period may entitle him to equitable tolling in some circumstances. *Mendoza v. Carey,* 449 F.3d 1065, 1069 (9th Cir. 2006). "[The] combination of (1) a prison law library's lack of Spanish-language legal materials, and (2) a petitioner's inability to obtain translation assistance before the one-year deadline, could constitute extraordinary circumstances [to justify equitable tolling]." *Id.* at 1069. A "non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Id.* at 1070. However, "a petitioner who demonstrates proficiency in English or who has the assistance of a translator would be barred from equitable relief." *Id.* citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (existence of a translator who can read and write English and who assists a petitioner during appellate proceedings renders equitable tolling inapplicable).

In the instant case, petitioner has not met the threshold showing required for equitable tolling. Petitioner alleges only that he does not speak English and had another inmate prepare his federal petition. Petitioner does not assert that he requested Spanish-language legal materials or the assistance of a Spanish translator. Unlike the petitioner in *Mendoza*, petitioner in the instant case does not allege that "he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel or other source." *Mendoza v. Carey,* 449 F.3d at 1070. The petitioner in *Mendoza* alleged that he could not file his federal habeas petition without the aid of Spanish language materials or a translator; this was supported by the allegation that he did not file his petition until he met a newly arrived bilingual inmate to assist him in preparing the petition. *Id.* In the instant case, petitioner alleges that he cannot speak or write English, yet he did in fact file his petition with the assistance of other inmates and without Spanish language legal materials. Petitioner fails to explain why he did not file his petition with inmate assistance prior to the expiration of AEDPA statute of limitations. Petitioner has not made a showing of "extraordinary circumstances" that would entitle him to equitable tolling.

## IV.     Certificate of Appealability

The Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability. In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating

that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, however, the determination whether a certificate of appealability ("COA") issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack,* 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, *and* that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under those circumstances "no appeal would be warranted." *Id.* Furthermore, the court may resolve either issue first when the answer to one issue is more apparent from the record and arguments. *Id.* at 485; *see Petrocelli v. Angelone,* 248 F.3d 877, 884 (9th Cir. 2001).

In the present case, petitioner's habeas petition is being dismissed because it was untimely filed. The Court did not reach the merits of any of petitioner's constitutional claims because those claims are barred by the AEDPA statute of limitations. Petitioner's habeas petition was filed late and petitioner failed to demonstrate that he is entitled to equitable tolling of the statute of limitations in this case. No reasonable jurist could conclude that this Court's procedural ruling was in error. Petitioner is not entitled to proceed further, and is not entitled to a Certificate of Appealability.

**V.     Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #9) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 2244(d), petitioner's federal habeas corpus petition is **DISMISSED** with prejudice. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

DATED: March 24, 2008

_____
UNITED STATES DISTRICT JUDGE

(ec)